# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1548V
UNPUBLISHED

| | |
|---|---|
| INDIA WASHINGTON, Mother and Natural Guardian of Infant, Z.K.,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 21, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Michael M. Bast*, Michael M. Bast, PC, Brooklyn, NY, for petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On October 3, 2019, India Washington, mother and natural guardian of infant Z.K., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Z.K. suffered shoulder injury related to vaccine administration and a causation-in-fact claim for a sterile abscess of the left arm. Petition at 10-12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 21, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a sterile abscess. On May 20, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded an amount sufficient to purchase the annuity as described in paragraph II.A. of the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

      Pursuant to the terms stated in the attached Proffer, **I award Petitioner an amount sufficient to purchase the annuity contract described in Section II.A of the Proffer.**  This amount represents compensation for all damages that would be available under § 15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                                        )
INDIA WASHINGTON, Mother and      )
Natural Guardian of Infant, Z.K.,            )
                                                        )
         Petitioner,                            )      No. 19-1548V  ECF
                                                        )
         v.                                           )      Chief Special Master Corcoran
                                                        )
SECRETARY OF HEALTH AND        )
HUMAN SERVICES,                           )
                                                        )
         Respondent.                         )
_____)

**RESPONDENT'S PROFFER OF DAMAGES**

**I.     Procedural History**

On October 3, 2019, India Washington ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Act of 1986, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act" or "Act"), *as amended*. In that petition, petitioner alleged that her child, Z.K. (hereinafter "ZK"), received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination in the left arm on March 5, 2018, and suffered a Table injury for shoulder injury related to vaccine administration ("SIRVA") and a causation-in-fact claim for a sterile abscess of the left arm. *See* Petition ("Pet.") at 1, 10-12. On January 15, 2020, petitioner filed an amended petition, alleging only a causation-in-fact for the sterile abscess injury of the left arm. *See* Amended Pet. at 10-11. On January 16, 2020, respondent filed his Vaccine Rule 4(c) report, conceding that petitioner had satisfied all legal prerequisites for compensation under the Act for a causation-in-fact claim for ZK's sterile abscess. On January 21, 2020, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for ZK.

1

## II.  Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.  Annuity

An amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to ZK as set forth below:

1. $15,890.33 payable in a certain lump sum on 02/13/2035.
2. $17,329.63 payable in a certain lump sum on 02/13/2038.
3. $18,912.52 payable in a certain lump sum on 02/13/2041.

---

[1] Should ZK die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

  b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

  c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

  d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Should ZK predecease any of the certain lump sum payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of ZK's death.

This amount represents all elements of compensation to which ZK would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[5]

**II.     Summary of Recommended Payments Following Judgment**

    A.    An amount sufficient to purchase the annuity contract described above in section I. A.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/Darryl R. Wishard
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4357

Dated: May 20, 2020

---

[5] At the time payment is received, ZK will be an adult, and thus, a guardianship is not required.