# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1548V
(not to be published)

| | |
|---|---|
| INDIA WASHINGTON, Mother and Natural Guardian of Infant, Z.K, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: August 20, 2020 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs |

*Michael M. Bast, Michael M. Bast, PC, Brooklyn, NY,* for Petitioner.

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On October 3, 2019, India Washington, mother and natural guardian of infant Z.K., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Z.K. suffered a shoulder injury related to vaccine administration and/or a causation-in-fact claim for a sterile abscess of the left arm, both attributable to a DTaP vaccine Z.K. had

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

received. (Petition at 10-12). On October 2, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 22).

Petitioner has now filed a motion for attorney's fees and costs, dated July 2, 2020 (ECF No. 30), requesting a total award of $36,496.06 (representing $34,429.35 in fees, plus $2,066.71 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that no out-of-pocket expenses were incurred. (ECF No. 29). Respondent reacted to the motion on July 2, 2020, deferring resolution of the fees request to my discretion. Petitioner did not file a reply thereafter. (ECF No. 31).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

## ATTORNEY FEES

A. Hourly Rates

Petitioner requests the following rates for attorney Michael Bast: $431 per hour for time billed in 2018, $440 for time billed in 2019, and $459 for time billed in 2020. (ECF No. 30-2 at 1-5). Mr. Bast has been a practicing attorney since 1981, placing him in the range of attorneys with over 31 years of experience. (ECF No. 30 at 2). The requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience, albeit on the highest end of the range.[3] However, Mr. Bast does *not* have demonstrated Vaccine Act experience, as this was Mr. Bast's first case in the Vaccine Program.[4] (*Id*).

Accordingly, it is not proper for Mr. Bast to receive rates established for comparably-experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). While they individually may have ample experience performing their jobs, that experience is not in the Vaccine Program. (*Id*). I shall therefore reduce the requested rates to the following: $410 per hour for 2018, $430 per hour for 2019, and $450 per hour for 2020. This reduced the fees to be awarded by the amount of **$1,164.30**.[5]

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] Mr. Bast currently does not have any other open cases pending in the Vaccine Program.

[5] This amount consists of ($431 - $410 = $21 x 4.5 hrs = $94.50) + ($440 - $425 = $15 x 49.2 hrs = $738) + ($459 - $445 = $14 x 23.7 hrs = $331.80) = $1,164.30.

B.  Paralegal Tasks Billed at Attorney Rates

Mr. Bast billed several entries for tasks considered to be more paralegal in nature, but at his full attorney rate. In the Program, however, attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 Fed. Cl. Spec. Mstr. Dec. 23, 2008). T

Such instances include the following:

- August 30, 2019 (0.10 hrs) "Bates stamping recs";

- October 3, 2019 (0.90 hrs) "Turning jpg into pdf";

- October 3, 2019 (0.90 hrs) "Reducing size of files";

- October 3, 2019 (8.0 hrs) "Changing exhibits"; and

- October 17, 2019 (0.40 hrs) "Faxed a new affidavit to Dr. Abbey Mensah."

(ECF No. 30-2 at 1 – 5).

Mr. Bast states in the motion he is a sole practitioner with no employees to complete these tasks that are not at an attorney level. (ECF No. 30 at 1). As noted, he may be reimbursed for this time – but only at a paralegal rate. I therefore reduce his rate for such work to $145 per hour for the above listed entries. This reduces the fees to be awarded by **$2,935.50**.

### ATTORNEY COSTS

Petitioner requests $2,066.71 in overall costs. (ECF No. 30 at 3). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$32,396.26** (representing $30,329.55 in fees and $2,066.71 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.